The opinion of the Court was delivered by
R,ichab.dson, J.
These two grounds are expanded into four in the brief; but they constitute but one in addition to the foregoing, namely, that the judge erred in charging that the plaintiff might have appealed in fifteen days after notice of the fine imposed.
In the written argument of the counsel of the plaintiff, he candidly concludes thus : But the great question is, whether the motive must have been corrupt, &c., according to the charge of the Court to the jury. But this is no longer questionable. In the case noticed by the judge, it was unanimously decided, that for mere error of opinion, without corrupt motives, a judicial officer is not liable. And the proper tribu- *'-* nal, the jury, have decided by the verdict, that there was no corruption. Indeed, it was not seriously argued before them, that the motive was corrupt, so deficient was the testimony upon that point; though the plaintiff has had the full consideration of it, as well as of that of the additional ground, which supposes that the plaintiff could not have appealed within fifteen days after notice. But the Act of 1809,[1] (see Mill. 44, and 2 Brev. Dig. 7 9,) is explicit, that the fifteen days are allowed after the notice, and not merely after the fine imposed. Not one of the grounds is then tenable. And to conclude, it is evident that the action must have been predicated either upon the expectation, that corrupt motives would be proven, but of which there appeared but little proof, if any at all, or upon the supposition, that error in the Court Martial was sufficient, without corruption, which would seem to have been the case, from the argument before the jury. But this view is es-topped by the decision in Reid v. Burdine, ante, 168, to which I must refer for the reasons of the principle. The motion is, therefore, dismissed unanimously.
Coloook, Nott, Johnson and Huger, .JJ., concurred.

 6 Stat. 616, § 5.